UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SHIRLEY DALEY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOCKHEED MARTIN CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 16-CV-07107-LHK<br><br>**ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 41, 45, 52 |

Plaintiff Shirley Daley ("Plaintiff") sues Defendants Lockheed Martin Corporation and Lockheed Martin Group Universal Life Plan (collectively, "Lockheed"), Marsh US Consumer ("Marsh"), and the Prudential Insurance Company of America ("Prudential") (all Defendants collectively, "Defendants"). Before the Court are Lockheed and Prudential's motions to dismiss the First Amended Complaint ("FAC"), in addition to Marsh's motion for joinder in Lockheed's motion to dismiss. *See* ECF No. 41, 45, 52. The Court finds these matters suitable for resolution without oral argument and hereby VACATES the motions hearings set for July 6 and 13, 2017. *See* Civil L.R. 7-1(b). Having considered the parties' submissions, the relevant law, and the record in this case, the Court hereby GRANTS Marsh's motion for joinder in Lockheed's motion to dismiss, and GRANTS with leave to amend Lockheed and Prudential's motions to dismiss.

1

## I. BACKGROUND

### A. Factual Background

Plaintiff is the late wife of Bruce Daley ("Mr. Daley"), who passed away on October 7, 2015. ECF No. 16 ("FAC"), at ¶ 2, 6. Prior to his death, Mr. Daley worked for Lockheed for forty years. *Id.* During his employment, Mr. Daley acquired a life insurance policy pursuant to Lockheed's Group Universal Life Plan ("Plan"). The Plan was administered by Seabury & Smith, which is the parent company of Marsh. *Id.* The Plan was issued by Prudential. *Id.*

Mr. Daley's Plan provided his beneficiary a death benefit of four times Mr. Daley's base pay. *Id.* ¶ 4. Plaintiff was Mr. Daley's beneficiary under the Plan. *Id.* ¶ 5. After Mr. Daley's death, Defendants told Plaintiff that Mr. Daley's Plan had lapsed and that Plaintiff would not be paid any benefits under the Plan. *Id.* ¶ 7. According to the FAC, "[a]ssuming [Mr. Daley's] [Plan] had lapsed, the lapse was caused by Defendants' breach of their fiduciary duty to Mr. Daley by allowing the [Plan] to lapse without Mr. Daley's informed knowledge or consent." *Id.* Plaintiff exhausted her administrative remedies with Lockheed prior to filing suit. *Id.*

### B. Procedural History

On July 14, 2016, Plaintiff filed a state court complaint against Lockheed Martin Corporation and unnamed Doe Defendants. *See* ECF No. 1-1. Plaintiff alleged three state law causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; and (3) breach of fiduciary duty. *Id.*

On December 13, 2016, Lockheed removed Plaintiff's state court complaint to this Court. ECF No. 1. As a basis for removal, Lockheed asserted that, because Plaintiff's complaint sought benefits under a life insurance plan that was governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, Plaintiff's state law claims arose under ERISA and thus Plaintiff's claims were removable to federal court. *Id.* at 3.

On December 20, 2016, Lockheed filed a motion to dismiss Plaintiff's state court complaint. ECF No. 13. The motion asserted that Plaintiff's state law claims were preempted by ERISA and thus must be dismissed. *Id.* Further, the motion argued that Plaintiff had failed to

2

Case No. 16-CV-07107-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

allege that she exhausted her administrative remedies prior to filing suit. *Id.*

On January 3, 2017, Plaintiff filed an opposition. ECF No. 14. Plaintiff's opposition argued only that "the deficits cite[d] in Lockheed's motion may be cured by amendment." *Id.* Specifically, Plaintiff argued, Plaintiff "could allege a[n] ERISA claim," and Plaintiff "could allege that [Plaintiff] exhausted her administrative remedies" prior to filing suit in state court. *Id.*

On January 10, 2017, Lockheed filed a reply, which again requested dismissal of the original complaint because Plaintiff in effect conceded in her opposition that the original complaint was deficient. ECF No. 15.

Also on January 10, 2017, Plaintiff filed a FAC. *See* FAC. Plaintiff's FAC added Lockheed Martin Group Universal Life Plan, Marsh, and Prudential as Defendants. *Id.* Plaintiff's FAC also alleged that Plaintiff exhausted her administrative remedies prior to filing suit against Defendants. *Id.* ¶ 7. Plaintiff alleged a single "claim for relief," which asserted that "Defendants' breach[ed] their fiduciary duty to [Plaintiff] by allowing the [Plan] to lapse without Mr. Daley's informed knowledge or consent." *Id.* Plaintiff did not cite ERISA in her FAC. *See id.*

On February 7, 2017, the Court denied as moot Lockheed's motion to dismiss the original complaint. ECF No. 24. The Court found that Plaintiff's FAC was a timely amendment as of right under Federal Rule of Civil Procedure 15(a)(1)(B). *Id.* The Court noted that, in Plaintiff's opposition to Lockheed's motion to dismiss, Plaintiff recognized that her [state court] complaint was deficient." *Id.* The Court thus stated that "if the Court grants any future motion to dismiss the amended complaint based on" the deficiencies identified by Lockheed in its motion to dismiss the state court complaint, the Court would dismiss the FAC with prejudice. *Id.*

On March 30, 2014, Lockheed filed a motion to dismiss the FAC. ECF No. 41 ("Lockheed Mot."). Lockheed's motion stated that Plaintiff's FAC failed to "refer to ERISA, much less to the provisions of ERISA under which Plaintiff seeks to bring her claim." *Id.* at 6. Further, Lockheed argued, to the extent that Plaintiff still sought to bring a *state law* breach of fiduciary duty claim against Lockheed, Plaintiff's state law claim was preempted by ERISA, as Lockheed argued in its original motion to dismiss. *Id.* Further, Lockheed argued, Plaintiff's FAC

3

failed to allege that Defendants were fiduciaries. *Id.* at 8. Rather, Plaintiff's FAC alleged only that "the lapse [of Mr. Daley's Plan] was caused by Defendants' breach of fiduciary duty." *Id.*

On April 13, 2017, Plaintiff filed an opposition to Lockheed's motion to dismiss. ECF No. 42 ("Opp. to Lockheed Mot."). Plaintiff argued that her FAC did not allege any state law claims, but rather alleged only a claim under ERISA. *Id.* at 3. Plaintiff conceded that "the FAC does not explicitly reference ERISA." *Id.* However, Plaintiff attached to her opposition communications between Plaintiff's counsel and counsel for Lockheed Martin. *See id.* Ex. 1. According to Plaintiff, these communications showed "Lockheed's awareness that [Plaintiff] is making an ERISA claim." *Id.* at 4. Plaintiff thus argued that her FAC sufficiently gave Lockheed "fair notice" that she was alleging that Lockheed violated ERISA's fiduciary duty provisions. *Id.* at 4.

On April 20, 2017, Lockheed filed a reply. ECF No. 44 ("Lockheed Reply").

On April 28, 2017, Prudential filed a motion to dismiss the FAC. ECF No. 45 ("Prudential Mot."). Prudential also argued that Plaintiff's FAC failed to cite ERISA and, to the extent that Plaintiff sought to bring a state law breach of fiduciary duty claim, her state law claim was preempted by ERISA. *Id.* at 7. Prudential further argued that Plaintiff had failed to state an ERISA claim for breach of fiduciary duty because Plaintiff failed to allege that Prudential had any role in the alleged lapse of Mr. Daley's Plan coverage, and because Plaintiff failed to allege injury to the Plan as a whole. *Id.* at 10.

On May 12, 2017, Marsh filed a motion for joinder in Lockheed's motion to dismiss the FAC. ECF No. 52.

Also on May 12, 2017, Plaintiff filed an opposition to Prudential's motion to dismiss the FAC. ECF No. 56 ("Opp. to Prudential Mot."). Again, Plaintiff conceded that "[t]he FAC does not explicitly reference ERISA." *Id.* at 4. As with Plaintiff's opposition to Lockheed's motion, Plaintiff attached to her opposition to Prudential's motion exhibits of communications between Plaintiff's counsel and Defendants' counsel. *Id.* Ex. 1. According to Plaintiff, these exhibits showed that Prudential was sufficiently on notice that Plaintiff sought to allege an ERISA claim against Defendants. *Id.* at 5. Plaintiff further argued that she was not required to plead further

4

detail at this stage of the litigation regarding Defendants' alleged misconduct. *Id.* at 4.

On May 19, 2017, Prudential filed a Reply. ECF No. 60 ("Prudential Reply").

## II. LEGAL STANDARD

### A. Motion to Dismiss Under Rule 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted).

For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, a court need not accept as true allegations contradicted by judicially noticeable facts, *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000), and a "court may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, *Shaw v. Hahn*, 56 F.3d 1128, 1129 (9th Cir. 2011). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

### B. Leave to Amend

If the Court concludes that a motion to dismiss should be granted, it must then decide whether to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Nonetheless, a district court may deny leave to amend a complaint due to "undue delay, bad faith

5

Case No. 16-CV-07107-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

1  or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments
2  previously allowed, undue prejudice to the opposing party by virtue of allowance of the
3  amendment, [and] futility of amendment." *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d
4  522, 532 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff's FAC corrects the deficiencies identified by Lockheed in Lockheed's motion to dismiss Plaintiff's original state court complaint. Specifically, Plaintiff's FAC no longer alleges state court causes of action, and Plaintiff's FAC alleges that Plaintiff exhausted her administrative remedies. *See* FAC ¶ 7. However, in amending her complaint, Plaintiff's FAC introduces two *new* pleading deficiencies. First, although Plaintiff states in her opposition that she is alleging a claim under Section 404 of ERISA for breach of fiduciary duty, Plaintiff's FAC does not contain any citation or reference to ERISA. Second, even assuming that Plaintiff's FAC adequately referenced ERISA, Plaintiff's FAC is nonetheless deficient because Plaintiff fails to plausibly allege an ERISA claim. The Court discusses each of these deficiencies in turn.

### 1. Plaintiff Fails to Identify Any ERISA Provision in her FAC

Plaintiff asserts in her oppositions that her FAC alleges a claim under Section 404 of ERISA for breach of fiduciary duty. *See* Opp. to Lockheed Mot. at 4. However, as Plaintiff concedes in her oppositions, Plaintiff's FAC does not cite or otherwise identify ERISA *at all*. Indeed, Plaintiff's FAC does not identify *any* particular cause of action. Rather, under a heading entitled "claim for relief," Plaintiff alleges only that "[a]ssuming [Mr. Daley's Plan] had lapsed, the lapse was caused by Defendants' breach of their fiduciary duty to Mr. Daley." *Id.* ¶ 7.

Plaintiff contends that, even though her FAC does not identify any particular cause of action, her FAC is nonetheless sufficient to state a claim under Section 404 of ERISA for breach of fiduciary duty. Specifically, Plaintiff argues that communications between Plaintiff's counsel and Defendants' counsel, which Plaintiff attaches to her oppositions, show that Defendants are aware that Plaintiff is asserting an ERISA claim. *See, e.g.*, Opp. to Lockheed Mot., Ex. 1. For example, Plaintiff attaches an email in which Lockheed's counsel "propos[es] two ERISA-

6
Case No. 16-CV-07107-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

competent mediators." *See id.* Ex. 1, ¶ 3.

For several reasons, however, Plaintiff's argument is unpersuasive. First, on a motion to dismiss, the Court is limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Thus, the Court may not consider the communications that Plaintiff attaches to her opposition. Second, even if the Court could consider the communications attached to Plaintiff's opposition, and even if these communications showed that Defendants successfully guessed that Plaintiff was asserting an ERISA claim, "Defendants are not required to guess at the basis of [a plaintiff's] claims." *Primo v. Pac. Biosci. of Cal., Inc.*, 940 F. Supp. 2d 1105, 1112 (N.D. Cal. Apr. 15, 2013) (rejecting plaintiff's argument that, because the defendants could discern plaintiff's claim "well enough to draft a motion to dismiss," plaintiff had satisfied Rule 8). "Instead, Plaintiff[] ha[s] the burden to present at least a 'short and plain statement' of [her] claim[]." *Id.* Plaintiff's FAC does not identify *any* particular cause of action, let alone identify the specific provision of ERISA that Plaintiff contends Defendants breached. Plaintiff's FAC is not sufficient under Rule 8 of the Federal Rules of Civil Procedure. *Id.*

Thus, because Plaintiff has failed to identify in her FAC the cause of action that Plaintiff brings against Defendants, the Court GRANTS Defendants' motions to dismiss the FAC. In anticipation of Plaintiff amending her FAC to identify her cause of action as an ERISA claim, the Court considers the remainder of Defendants' arguments.

### 2. Plaintiff Fails to Adequately Allege an ERISA Claim

Plaintiff asserts in her opposition that she intends to allege in her FAC that Defendants violated § 404 of ERISA, 29 U.S.C. § 1104. *See* Opp. to Lockheed Mot. at 4. Section 404 of ERISA "requires fiduciaries to discharge their duties with prudence, to diversify investments, to act solely in the interest of the participants, and to comply with the terms of the plan in so far as they don't conflict with other ERISA laws." *In re Syncor ERISA Litig.*, 351 F. Supp. 2d 970, 978 (C.D. Cal. Aug. 23, 2004) (citing 29 U.S.C. § 1104(a)(1)). Section 409 of ERISA, 29 U.S.C. § 109 "provides for liability for any breach of those fiduciary duties." *Farr v. U.S. West Comm'ns,*

7
Case No. 16-CV-07107-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

*Inc.*, 151 F.3d 908, 915–16 (9th Cir. 1998) (citing 29 U.S.C. § 1109). Specifically, § 409(a) provides that a plan fiduciary who breaches its fiduciary duties "shall be personally liable to make good to such plan any losses to the plan resulting from each such breach." 29 U.S.C. § 1109(a). Under ERISA's civil enforcement provision, 29 U.S.C. § 1132, a plan participant may bring a civil action for relief under § 409. *See* 29 U.S.C. § 1132(a)(1).

Prudential and Lockheed argue in their motions to dismiss that, assuming Plaintiff sufficiently identified the above statutory provisions in her FAC, Plaintiff's FAC nonetheless fails to allege a breach of fiduciary duty under ERISA for two reasons. First, Prudential and Lockheed argue that the FAC fails to allege that Defendants are, in fact, fiduciaries. Second, Prudential further argues that the FAC fails to allege injury to the Plan or Plan assets. *Id.* The Court considers these arguments below.

First, Prudential and Lockheed argue that Plaintiff's FAC fails to state a claim under ERISA for breach of fiduciary duty because Plaintiff fails to allege that Defendants are fiduciaries. "To be found liable under ERISA for breach of the duty of prudence and for participation in a breach of fiduciary duty, an individual or entity must be a 'fiduciary.'" *Wright v. Oregon Metallurgical Corp.*, 360 F.3d 1090, 1101 (9th Cir. 2004) (citing 29 U.S.C. §§ 1104–05). "An individual can become an ERISA fiduciary in two ways." *Carter v. San Pasqual Fiduciary Trust Co.*, 2016 WL 4870468, at *2 (C.D. Cal. Feb. 22, 2016). "First, an individual may be named as a fiduciary under the terms of an ERISA plan." *Id.* (citing 29 U.S.C. § 1102(a)(2)). Second, an individual can acquire functional or de facto fiduciary status when that individual:

> (i) exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets; (ii) [] renders investment advice for a fee or other compensation, direct or indirect . . . ; or (iii) [] has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

Here, Plaintiff alleges only that Mr. Daley acquired the Plan during his employment with Lockheed, that Seabury & Smith, Inc.—who is not a defendant—administered the Plan, and that

8
Case No. 16-CV-07107-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

the Plan was "issued by Prudential." FAC ¶ 2. The FAC alleges that, "[a]ssuming the [Plan] had lapsed, the lapse was caused by Defendants' breach of their fiduciary duty to Mr. Daley." *Id.* ¶ 7. The FAC does not contain any allegations that Defendants are fiduciaries under the terms of the Plan, and the FAC does not allege any facts to plausibly suggest that Defendants exercised "discretionary authority or discretionary control respecting management" of the Plan or its assets. *See* § 1002(21)(A). Accordingly, because the FAC does not contain any allegations that Defendants are fiduciaries, the FAC fails to state a claim under ERISA for breach of fiduciary duty. *See Carter*, 2016 WL 4870468, at *2–3 (dismissing ERISA fiduciary duty claim for failure to allege fiduciary status); *see also In re JDS Uniphase Corp. ERISA Litig.*, 2005 WL 1662131, at *3 (N.D. Cal. July 14, 2005) (same).

Second, Prudential also argues that the FAC fails to state a claim under ERISA for breach of fiduciary duty because Plaintiff fails to allege that Defendants injured the Plan or Plan assets. "To allege a fiduciary breach under § 1132(a)(2), [Plaintiff] must allege that the fiduciary injured the benefit plan or otherwise 'jeopardize[d] the entire plan or put at risk plan assets.'" *Wise v. Verizon Comm'ns, Inc.*, 600 F.3d 1180, 1189 (9th Cir. 2010) (quoting *Amalgamated Clothing & Textile Workers Union, AFL-CIO v. Murdock*, 861 F.2d 1406, 1414 (9th Cir. 1988)). Plaintiff's FAC does not contain any such allegations. *See generally* FAC; *see Wise*, 600 F.3d at 1189–90 (affirming district court's dismissal of ERISA claim where the complaint did not allege "facts tending to show that any claim besides [Plaintiff's] was mishandled or that the result of any such mishandling caused plan-wide injury"). Accordingly, for this additional reason, Plaintiff has failed to state a claim under ERISA for breach of fiduciary duty.

Thus, for the reasons discussed above, Plaintiff's FAC fails to state a claim under ERISA for breach of fiduciary duty, and the Court GRANTS Defendants' motions to dismiss the FAC.

**3. Leave to Amend**

Having granted Defendants' motions to dismiss, the Court must next determine whether leave to amend should be granted. Defendants argue that the Court should not grant leave to amend because, in this Court's order denying as moot Lockheed's original motion to dismiss, the

9
Case No. 16-CV-07107-LHK
ORDER GRANTING MOTIONS TO DISMISS WITH LEAVE TO AMEND

1 Court stated that it would dismiss Plaintiffs' FAC with prejudice if Plaintiff failed to correct the deficiencies identified by Lockheed in its original motion to dismiss. *See* ECF No. 24. However, as discussed above, Plaintiff's FAC corrects the deficiencies identified by Lockheed in its original motion to dismiss. Specifically, Plaintiff's FAC no longer alleges state law claims, and Plaintiff's FAC adequately alleges that Plaintiff exhausted her administrative remedies. *See* ECF No. 14 (identifying Plaintiff's allegation of preempted state court claims and failure to exhaust administrative remedies as reasons to dismiss Plaintiff's original complaint). Plaintiff intended to assert only an ERISA claim in her FAC. *See* Opp. to Lockheed Mot. at 4. Although Plaintiff failed to adequately allege an ERISA claim in her FAC, Plaintiff has yet to be given an opportunity to amend her ERISA claim, and the Court cannot find that the pleading cannot possibly be cured by the allegation of other facts. *See Lopez*, 203 F.3d at 1127 ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."). However, the Court notes that Plaintiff attached a proposed Second Amended Complaint ("SAC") to her opposition to Lockheed's second motion to dismiss. The Court has reviewed the proposed SAC, which is woefully inadequate. Accordingly, if Plaintiff files the proposed SAC, the Court will dismiss that SAC with prejudice and find that further amendment would be futile, frivolous, unduly prejudicial, and cause undue delay.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are GRANTED with leave to amend. Should Plaintiff elect to file an amended complaint curing the deficiencies identified herein, Plaintiff shall do so within twenty-one (21) days of this Order. Failure to meet the twenty-one deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal with prejudice of Plaintiff's claim. Plaintiff may not add new causes of action or parties without leave of the Court or stipulation of the parties pursuant to Rule 15 of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated: June 30, 2017

_____
LUCY H. KOH
United States District Judge